UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

RUSSELL W. NELSON and
DONNA R. NELSON,

          Debtors.

Case No. 05-40908

Chapter 7

---

MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO
DEBTORS' AMENDED CLAIM OF EXEMPTIONS

---

*Background and Arguments*

The debtors are the vendors of a land contract to Steven G. Korth recorded in Winnebago County on April 21, 2005. The debtors filed their chapter 7 petition on October 12, 2005. It is unknown whether or not the debtors have received any land contract payments during the pendency of the case.

The debtors originally claimed an exemption worth $26,000 for "Vendors land contract with Steven Korth to be used for burial trust" under Wis. Stats. § 815.18(3)(a). *See* Schedule C filed 10/12/05. The chapter 7 trustee objected to this exemption, noting the debtors had not created a burial trust and had testified at the section 341 meeting of creditors that they needed the land contract money for remodeling and maintenance on their adult foster care home.

The debtors responded to the objection by amending their exemptions to include (1) $15,000 for "Land contract payments for provisions for equipment and items used in debtors business" under Wis. Stats. § 815.18(3)(b) and (2) $11,000 for "Net Income" under Wis. Stats. § 815.18(3)(h). *See* Amended Schedule C filed 1/26/06. The debtors argue they are entitled to amend their schedules under Rule 1009 until the case is closed or settled.

The trustee objected to the amended exemptions, noting the land contract payments are payments on the sale of real estate and are not equipment, inventory, farm products or professional books used in the business of the debtors, or the business of the dependent of the debtors, making them not exempt under section 815.18(3)(b). Additionally, section 815.18(3)(h), Wis. Stats., provides for 75% of the debtors' net income for each one-week pay period and is limited to the extent reasonably necessary for the support of the debtors or the debtors' dependents. Because the land contract principal balance is not exempt, the interest which accrues on that asset is also not exempt under the definition of "net income." *See* Wis. Stats. § 815.18(2)(n).

The trustee agrees that debtors are generally allowed to amend schedules at any time, but he points out that debtors are also required to provide accurate schedules of their financial affairs. The debtors arguably made no good faith effort to complete their schedules in the first place, having listed future proceeds from a land contract to be received as an exempt burial trust that they never purchased and for business purchases not yet made.

*Discussion*

Judicial decisions over the years have applied liberal construction of the exemption laws in favor of the debtor. *See Tralmer Sales and Service, Inc. v. Erickson*, 186 Wis.2d 549, 560, 521 N.W.2d 182, 185 (Ct. App. 1994).

Federal Rule of Bankruptcy Procedure 1009 provides that a debtor may, without leave of court, amend a voluntary petition, list, schedule or statement, as a matter of course and at any time prior to the close of the case, unless there is a showing of the debtor's bad faith. *In re Yonikus*, 996 F.2d 866, 871-72 (7th Cir. 1993). A hearing is required to make any such

determination.

Wisconsin Statute section 815.18(3)(b) provides an exemption for "Equipment, inventory, farm products and professional books used in the business of the debtor or the business of a dependent of the debtor, not to exceed $7500 in aggregate value." Likewise, under Wis. Stats. § 815.18(2)(b), "'Business' means any lawful activity, including a farm operation, conducted primarily for the purchase, sale, lease or rental of property, for the manufacturing, processing or marketing of property, or for the sale of services." The debtors' adult foster care operation would constitute a business under this definition as it involves the sale of services. Under Wis. Stats. § 815.18(2)(f), "'Equipment' means goods used or bought for use primarily in a business, including farming and a profession."

The debtors' claimed exemption for the "land contract payments" does not fit within the provisions of the statute. They might intend to use the payments to be received in the future in their adult foster care business, but at the time of filing, the asset was a stream of future income, not a business asset. Exemptions are claimed from property of the estate, which with certain exceptions not relevant here, is property that exists at the time of filing. *See* 11 U.S.C. §§ 522(b), 541. Therefore, the claim of exemption of the land contract payments as business property is disallowed.

Section 815.18(3)(h), Wis. Stats., provides an exemption for "Seventy-five percent of the debtor's net income for each one week pay period. The benefits of this exemption are limited to the extent reasonably necessary for the support of the debtor and the debtor's dependents, but to not less than 30 times the greater of the state or federal minimum wage." Wisconsin Statute section 815.18(2)(n) defines "net income" as "gross receipts paid or payable for personal services

3

or derived from rents, dividends or interest less federal and state tax deductions required by law to be withheld."

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," as well as "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed after the commencement of the case." 11 U.S.C. § 541(a)(1), (6). The debtors are allowed an exemption in seventy-five percent of the interest, but not principal, due and owing under the land contract as of the commencement of the case, limited to interest due for one week and to the extent reasonably necessary for the support of the debtors. Any claimed exemption in excess of the interest due at the time of filing, subject to the stated limitation, is disallowed. It is also subject to disallowance if the claim was not made in good faith.

A hearing will be scheduled by the court to determine the amount exempt under section 815.18(3)(h), Wis. Stats. At least five days prior to the hearing, the debtors are directed to either amend their schedules in accordance with this ruling or file an affidavit declaring the amount of exempt net income. A separate order consistent with this decision will be entered.

March 31, 2006

Margaret Dee. McGarity
U.S. Bankruptcy Judge